**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PORTFOLIO TECHNOLOGIES, INC., :
          Plaintiff, :          Civil Action No. 04-6340 (JAG)
                       :
          v. :
                       :          **OPINION**
                       :
CHURCH & DWIGHT CO., INC., :
                       :
          Defendant. :

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion for summary judgment by Defendant Church & Dwight Co., Inc. ("CDCI"), pursuant to FED. R. CIV. P. 56.  For the reasons set forth below, Defendants' motion will be denied.

## BACKGROUND

Plaintiff Portfolio Technologies, Inc. ("PTI") holds U.S. Patent No. 5,082,004 (the "'004 patent") for a condom design.  Defendant CDCI manufactures and sells the Trojan® Twisted Pleasure condom.  PTI has sued CDCI for patent infringement, and CDCI has moved for summary judgment of non-infringement.

The parties briefed this motion.  After CDCI submitted its reply brief, PTI moved to strike portions of it that PTI alleged contained new evidence and argument or, in the alternative, to be granted leave to file a sur-reply.  On January 6, 2006, by written order, this Court denied the motion to strike and granted leave to file a sur-reply by January 20, 2006.  PTI did not respond.

The '004 patent claims several condom designs, one of which is described by PTI as the

"pouch on pouch" design.  The first pouch is the long, tubular part of the condom.  The second pouch extends off of the first pouch at the condom's tip.  The second pouch meets the first pouch at an "entrance."  The second pouch has an inner surface that moves through this entrance to move against the glans (tip) of the penis, referred to as the glans penis.  The Twisted Pleasure appears to have two ridges which spiral down from the condom's tip for approximately two inches.  The areas between these spirals are referred to as "valleys."  CDCI does not dispute the proposition that the spirals should be considered to be pouches.

## LEGAL STANDARD

### I.     Summary Judgment

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  See Abramson v. William Patterson Coll. of N.J., 260 F.3d 265, 276 (3d Cir. 2001).

Federal Rule of Civil Procedure 56(c) provides, in relevant part,

"[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  See Anderson, 477 U.S. at 248.  The

moving party "cannot simply reallege factually unsupported allegations contained in his pleadings." Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex v. Catrett, 477 U.S. 317, 318 (1986); Blackburn v. United Parcel Serv., Inc., 179 F.3d 81 (3d Cir. 1999).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. See Sound Ship Bldg. Co. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. See Wahl v. Rexnord Inc., 624 F.2d 1169, 1181 (3d Cir. 1980); Boyle v. Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998). The court must award summary judgment on all claims unless the non-moving party shows through affidavits or admissible evidence that an issue of material fact remains. See, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

## II.    Patent Infringement

The test for patent infringement requires a two step analysis: "the claim scope is first

3

determined, and then the properly construed claim is compared with the accused device to determine whether all of the claim limitations are present either literally or by a substantial equivalent." Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350-1351 (Fed. Cir. 2001). "To prove direct infringement, the plaintiff must establish by a preponderance of the evidence that one or more claims of the patent read on the accused device literally or under the doctrine of equivalents. Literal infringement requires that each and every limitation set forth in a claim appear in an accused product." Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1310 (Fed. Cir. 2005) (internal citations omitted). Although claim construction is an issue of law, the determination of infringement is a question of fact. Pause Tech. LLC v. TiVo Inc., 419 F.3d 1326, 1329 (Fed. Cir. 2005).

## DISCUSSION

### I.    Defendant's Motion for Summary Judgment

CDCI argues that it is entitled to a judgment of non-infringement, as a matter of law, because "at least two elements of every claim are not found in the Twisted Pleasure condom." (Def.'s Br. 21.) The two missing claim limitations, CDCI contends, are: 1) a "generally constant diameter;" and 2) a "second pouch having an inner surface moveable through [an] entrance and against the glans penis for movement." ('004 Patent, claim 1.)

CDCI's motion raises both questions of claim construction, an issue of law, and questions of fact about the accused device. The questions of claim construction concern the meaning of the claim language quoted above. The questions of fact concern the structural and functional characteristics of the Twisted Pleasure and, ultimately, whether the accused device infringes. Because material factual disputes prevent determination of the potentially infringing

4

characteristics of the accused device, and preclude resolution by summary judgment, this Court need not reach the issues of claim construction.

Both parties present the reports of experts in support of their assertions about the structure and functioning of the Twisted Pleasure condom: PTI offers the reports of Drs. Wool and Braun, and CDCI offers the report of Dr. Potter.  The experts disagree significantly as to the structural and functional characteristics of the condom.

A.    Do the "valleys" between the spirals touch the penis?

The experts dispute whether the valleys between the Twisted Pleasure's spirals touch the penis.  This is relevant to the determination of whether the Twisted Pleasure has a "generally constant diameter."[1]  Dr. Potter states that the valley "flares away" from the glans penis.  (Potter Decl. ¶ 19.)  CDCI argues that this fact – that the valley flares away – shows that the Twisted Pleasure does not have a generally constant diameter from end to end.  PTI argues the opposite. Drs. Wool and Braun state that Dr. Potter is wrong and that the valleys do remain in contact with the glans penis, and thus maintain a constant diameter from end to end of the condom.  (Wool Decl. ¶ 19; Braun Decl. ¶ 9.)  PTI argues, persuasively, that this shows a genuine issue as to a material fact, defeating the motion for summary judgment.

In reply, CDCI argues that the factual disputes are not material and that the motion may be decided by claim construction alone, but its presentation is inconsistent with this position. First, it submitted a supplementary expert report by Dr. Potter with the claim that this supports the position that the factual disputes are not material.  Yet Dr. Potter's supplemental report

---

[1]Claim construction of "generally constant diameter" will also be necessary to decide the infringement question.  As discussed, this Court need not resolve the questions of claim construction to rule on this motion.

describes at length his various physical experiments with Twisted Pleasure.  Submitting an expert report that provides rebuttal of factual assertions, by way of new factual assertions, undercuts CDCI's argument: if the factual disputes are not material, why submit a supplemental expert report with three new condom experiments?

Further inconsistency is apparent in CDCI's reply position that 1) the diameter question presents solely an issue of law; and 2) the Court should determine non-infringement based on Dr. Potter's new measurements of the Twisted Pleasure's dimensions.  Moreover, while it is not clear what the Court is meant to infer from CDCI's photographs of cut-up condoms, they appear to be offered in support of certain factual assertions about the structural characteristics of the condoms. (Def.'s Reply Br. 3, 8.)  Again, this is inconsistent with the argument that there are no material factual disputes.  Finally, for a party to offer new factual support in a reply brief, and then claim entitlement to summary judgment because the opponent has not disputed this factual support, is manifestly unreasonable.

To support its argument that PTI has failed to raise a dispute of material fact, CDCI cites Novartis Corp. v. Ben Venue Labs., Inc., 271 F.3d 1043, 1051 (Fed. Cir. 2001), but the case works against them.  In Novartis, the Court held that an expert report that merely offered "conclusory opinions," without "explicit factual foundation," was insufficient to defeat a motion for summary judgment.  Id.  The Court cited Arthur A. Collins, Inc. v. Northern Telecom Ltd., 216 F.3d 1042, 1047 (Fed. Cir. 2000), which states: "the expert must set forth the factual foundation for his opinion -- such as a statement regarding the structure found in the accused product."  The reports of Drs. Wool and Braun easily meet this requirement.  Both reports identify a factual foundation in the experts' personal examination of the condom and

experimentation with it by placing it on a model penis; both reports use that as the factual foundation for statements regarding the structure found in the accused product.  Thus, contrary to CDCI's argument, PTI has provided expert reports that meet the Federal Circuit requirements, stated in <u>Novartis</u> and <u>Collins</u>, for the use of expert reports to defeat a motion for summary judgment.

Moreover, the factual foundation for the Wool and Braun reports does not differ in kind from that offered by Dr. Potter.  All three based their reports on their own experiments and observations.  If Potter's experiments can provide a factual foundation, then Wool's and Braun's can do so as well.

B.      Do the spirals have an entrance?

The experts dispute whether the intersection between the spirals and the tubular portion of the condom constitutes an entrance, as required by the claim language.  Dr. Potter states that the Twisted Pleasure condom has no entrances.  (Potter Decl. ¶ 23.)  Dr. Wool states that it does.  (Wool Decl. ¶ 23.)  Resolving this dispute would require claim construction, in order to get a definition of what an entrance is.  It is possible that the experts are really disagreeing about the definition of an entrance, rather than about a fact about the Twisted Pleasure.  Because the factual issue cited above precludes summary judgment, this issue of claim construction need not be resolved at this stage.

C.      Does the inner wall of the spirals move through an entrance against the glans penis?

The experts dispute the facts about the functioning of the Twisted Pleasure during intercourse.  Dr. Potter states that the spirals only slide longitudinally and do not maintain an

entrance structure so as to move in and out of the entrance.  (Potter Decl. ¶ 22.)  Drs. Wool and Braun state that the spirals do move through an entrance against the glans penis during intercourse.  (Wool Decl. ¶ 23; Braun Decl. ¶ 14.)  This dispute rests in part on the claim construction question of how one defines an entrance.  In addition, however, there is a genuine factual question about how the condom operates during intercourse: the experts disagree and it truly is unclear what happens to the spirals – that is, how they move – during intercourse.

This Court finds that factual disputes preclude determination on summary judgment of whether the accused device contains these claim limitations: 1) a "generally constant diameter;" and 2) a "second pouch having an inner surface moveable through [an] entrance and against the glans penis for movement."  ('004 Patent, claim 1.)  Defendant's motion for summary judgment of non-infringement will be denied.

## CONCLUSION

For the reasons stated above, this Court finds that Defendant has not shown that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The determination of non-infringement depends on resolving underlying disputes as to material facts.  Defendants' motion for summary judgment is denied.


  S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: February 3, 2006